# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 11, 2020

158856

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

NICOLA BINNS, JAYNE CARVER, SUSAN
McDONALD, GOAT YARD, LLC, and END
OF THE ROAD MINISTRIES, LLC,
      Plaintiffs-Appellants,

v

CITY OF DETROIT, CITY OF DETROIT
WATER AND SEWERAGE DEPARTMENT,
DETROIT BOARD OF WATER
COMMISSIONERS, and GREAT LAKES
WATER AUTHORITY,
      Defendants-Appellees.

SC: 158856
COA: 337609

_____/

By order of January 24, 2020, the application for leave to appeal the judgment of the Court of Appeals was held in abeyance pending the decision in *DAART v City of Detroit* (Docket No. 158852). On the Court's own motion, the application for leave to appeal the November 6, 2018 judgment of the Court of Appeals is again considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals and REMAND this case to that court, which, while retaining jurisdiction, shall refer the case to a judicial circuit for proceedings under MCR 7.206(E)(3)(d).

We do not retain jurisdiction.

ZAHRA, J. (*concurring*).

I concurred in the Court's order vacating and remanding *Detroit Alliance Against the Rain Tax v Detroit* (Docket No. 158852) (*DAART*) to the Court of Appeals for reconsideration in light of our decision in this case, *Binns v Detroit* (Docket No. 158856). I write separately, however, to observe that the fact-finding process under MCR 7.206(E)(3)(d) that will take place in this case and which will subsequently be applied in

*DAART* is critical to reaching a sound result under *Bolt v City of Lansing*, 459 Mich 152 (1998). *Bolt* set out a three-factor test for distinguishing a fee from a tax under Const 1963, art 9, § 31. See *Bolt*, 459 Mich at 161-162. Of particular importance to this case is the second factor, the proportionality analysis, especially in light of the following statement of fact from amicus Kickham Hanley PLLC's late-filed brief in *DAART*:

> The City [of Detroit (the City)] inexplicably does not collect Drainage Charges from the City's largest landowner, the Detroit Land Bank Authority ("DLBA"), a component unit of the City that owns and controls approximately 25% of the parcel-based acres in the City, a land area the size of the City of Royal Oak. As a result, the lost revenues attributable to the City's failure to collect from the DLBA must be made up through higher Drainage Charge rates imposed on other landowners[.][1]

Given the foregoing, it is at best unclear to me how the City's drainage charge is best classified as a user fee rather than as a tax where: (1) "user fees must be proportionate to the necessary costs of the service," *Bolt*, 459 Mich at 161-162; (2) a subunit of the City is exempted from paying the drainage charge that other impervious-acreage landowners must pay, see Kickham Hanley amicus brief at 3; and (3) that results in the imposition of "higher Drainage Charge rates" on other, non-DLBA landowners, see *id*.—all of which applies to plaintiffs in these cases.

---

[1] Kickham Hanley amicus brief at 3 (emphasis omitted).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 11, 2020



Clerk

t1208